**Mohamud Mohamed HASSAN, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General of the United States, Respondent.**

**No. 11–2021.**

United States Court of Appeals, Eighth Circuit.

Submitted: Dec. 28, 2011.

Filed: Jan. 4, 2012.

Mohamud Mohamed Hassan, Rochester, MN, pro se.

Scott Baniecke, U.S. Immigration & Naturalization Service, Bloomington, MN, Senior Litigation Counsel, U.S. Depart-

---

ment of Justice, Washington, DC, Karen Yolanda Drummond, Richard M. Evans, Kiley L. Kane, U.S. Department of Justice, Washington, DC, for Respondent.

Before WOLLMAN, SMITH, and GRUENDER, Circuit Judges.

PER CURIAM.

Mohamud Mohamed Hassan petitions for review of an order of the Board of Immigration Appeals (BIA), affirming an immigration judge's denial of withholding of removal.[1] Upon review, we conclude that the BIA did not abuse its discretion in determining that Hassan was ineligible for withholding of removal because he had been convicted of a particularly serious crime and was a danger to the community. *See* 8 U.S.C. § 1231(b)(3)(B)(ii) (alien is not eligible for withholding of removal if Attorney General decides that alien, having been convicted by final judgment of particularly serious crime, is danger to community); *Doe v. Holder,* 651 F.3d 824, 829 (8th Cir.2011) (alien convicted of particularly serious crime is ineligible for withholding of removal); *see also Delgado v. Holder,* 648 F.3d 1095, 1100 (9th Cir. 2011) (en banc) (concluding that 8 U.S.C. § 1252(a)(2)(B)(ii) did not bar review of BIA's determination that alien had been convicted of particularly serious crime (cit-

ing *Kucana v. Holder,* —— U.S. ——, 130 S.Ct. 827, 836–37, 175 L.Ed.2d 694 (2010))); *Denis v. Att'y Gen. of U.S.,* 633 F.3d 201, 217 (3d Cir.2011) (BIA properly exercised its discretion in applying legal standard to facts "in finding [alien's] crime particularly serious"); *Tian v. Holder,* 576 F.3d 890, 896–97 (8th Cir.2009) (setting forth factors to be considered in determining whether crime was particularly serious).

We also conclude that it was proper for the BIA—in recognition of the finality of Hassan's prior conviction—to reject his request for a remand under *Padilla v. Kentucky,* —— U.S. ——, 130 S.Ct. 1473, 176 L.Ed.2d 284 (2010). *Cf. Paredes v. Att'y Gen. of U.S.,* 528 F.3d 196, 198–99 (3d Cir.2008) (unless and until conviction is overturned, pendency of collateral attack does not vitiate finality for immigration purposes); *Gouveia v. INS,* 980 F.2d 814, 817 (1st Cir.1992) ("Criminal convictions cannot be collaterally attacked during immigration proceedings.").

Accordingly, we deny the petition. *See* 8th Cir. R. 47B.

---

1. Hassan also requested asylum and deferral of removal under the Convention Against Torture, but he no longer pursues those requests.